# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID OBERMEIER, individually and on behalf of all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>NORTHEAST WORK & SAFETY BOATS, LLC; JACK CASEY; and LINDA CASEY,<br>    *Defendants*. | 3:23-CV-46 (SVN)<br><br><br><br><br>June 6, 2025 |

## RULING ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Sarala V. Nagala, United States District Judge.

In this Fair Labor Standards Act ("FLSA") wage and hour collective action, Plaintiff David Obermeier and the current opt-in Plaintiffs ("Plaintiffs") allege on behalf of themselves and all others similarly situated that Defendants Northeast Work & Safety Boats, LLC ("Northeast"), Jack Casey, and Linda Casey failed to pay required overtime wages in violation of the FLSA and failed to pay prevailing minimum wages as required by New Jersey and Pennsylvania law. The FLSA collective was conditionally certified on March 19, 2024. *See* Ruling on Pl.'s Mot. for Cond. Cert., ECF No. 48.

Presently before the Court is Plaintiffs' motion for leave to file a second amended complaint to add twenty-four opt-in Plaintiffs as named party Plaintiffs to this action and to add allegations of violations of the Maryland and Rhode Island prevailing minimum wage laws relevant to certain opt-in Plaintiffs.[1] Plaintiffs argue amendment is proper under both Federal

---

[1] Plaintiffs frame this motion as being brought on behalf of named Plaintiff Obermeier and twenty-four identified current opt-in Plaintiffs, *see* Pls.' Mot. for Leave to File 2d Am. Compl., ECF No. 92, while Defendants frame it as being brought by Obermeier only, *see* Defs.' Opp., ECF No. 95. No party claims the distinction has any substantive impact on the motion. The Court treats the motion as brought by Obermeier and the twenty-four current opt-in Plaintiffs, and therefore refers to "Plaintiffs" in the plural.

Rules of Civil Procedure 15 and 16 as there is no evidence of undue delay, bad faith, prejudice or futility in their proposed amendment; they can establish good cause for failure to move to amend earlier; and Defendants are not prejudiced by this amendment. ECF No. 92; Pls.' Br., ECF No. 92-1; Pls.' Reply Br, ECF No. 102. Defendants oppose the motion, arguing that Plaintiffs cannot establish good cause as this late-filed motion seeks to amend the complaint based on information of which Plaintiffs should have been aware at the latest in June of 2024, when the opt-in period closed and all potential opt-in Plaintiffs had been identified. ECF No. 95. For the reasons described below, the Court agrees with Plaintiffs. The motion for leave to file a second amended complaint is thus GRANTED.

I.    **FACTUAL & PROCEDURAL BACKGROUND**

The Court recounts only the background necessary to inform a ruling on the motion for leave to file a second amended complaint.

Northeast is a Connecticut limited liability company that functions as a subcontractor, providing safety and inspection crews and work boats to general contractors who work on publicly-funded bridge inspection, construction, and repair projects. ECF No. 48 at 2. Plaintiff Obermeier was a deckhand and boat captain employed by Northeast to work on such projects. *Id.* Plaintiff Obermeier, individually and on behalf of all others similarly situated, alleged that Defendants failed to pay required overtime wages in violation of the FLSA and failed to pay prevailing minimum wages as required by New Jersey and Pennsylvania state laws. *Id.* at 1.

On March 19, 2024, this Court granted Obermeier's motion to conditionally certify an FLSA collective and denied his motion to conditionally certify two state-law sub-collectives. *See generally id*. Regarding the state sub-collectives, the Court concluded that conditional certification of those sub-collectives was not appropriate because certification for state law claims is typically

2

sought pursuant to Federal Rule of Civil Procedure 23, rather than under the FLSA's collective action mechanism. *Id.* at 8–12. The Court explicitly informed Plaintiff Obermeier that he was "free to pursue class certification of his state law claims pursuant to Rule 23." *Id.* at 12. Following conditional certification, thirty-seven individuals opted-in to the collective. *See* Notices, ECF Nos. 40–41, 51–68, 71–87.

Since the closure of the opt-in period, discovery in this matter has been marked with "roadblocks" that have taken Defendants "significant time to work through." Joint Status Report, ECF No. 88 at 2 (noting that as of August 15, 2024, Plaintiffs had not yet received responses to discovery requests related to "the FLSA opt-ins and the putative Rule 23 class" "including but not limited to time and payroll information in .csv or other Excel-readable format related to Plaintiff and collective members, as well as all contracts relating to Defendants' bridge projects on which class/collective members worked"); *see also* Joint Motion for Extension of Case Deadlines, ECF No. 90 (requesting an extension of discovery deadlines due to delays and significant disorganization in Defendants' discovery responses, and Plaintiffs' need to subpoena third parties to obtain certain information); ECF No. 92 at 3–5 (describing Plaintiffs' discovery-related efforts and the discovery challenges related to the opt-in Plaintiffs). Plaintiffs contend, however, that it is only through Defendants' delayed production of relevant materials that they were able to identify additional public projects and alleged state wage law violations central to this motion for leave to file a second amended complaint. *See* ECF No. 92-1 at 3–5. Defendants contend Plaintiffs could have determined as much as soon as opt-in Plaintiffs identified themselves and opted in to the FLSA collective, no later than June 17, 2024, when the opt-in period closed. *See* ECF No. 95 at 5–6.

## II.     LEGAL STANDARD

At the outset of litigation, "a plaintiff may freely amend [his] [or] her pleadings pursuant to Rule 15(a)(1) as of right without court permission." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022). After this period ends—either by operation of a scheduling order set by the Court or upon "expiration of the default period set forth in Rule 15(a)(1)(A)," *id.*—a plaintiff may seek to amend "with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) is a lenient standard, and the Court is to "freely give leave when justice so requires." *See Sacerdote*, 9 F.4th at 115 (referring to the Rule 15 standard as "liberal" and "permissive").

If a district court set a date in the scheduling order after which no amendment would be permitted and a plaintiff seeks leave to amend his or her complaint after this deadline, the court must also amend its scheduling order, if it is to grant the motion for leave to amend. Modifications to a scheduling order are permitted upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Therefore, Rule 15(a) governs whether the Court should grant the motion for leave to amend, while Rule 16(b) governs whether there is good cause for the Court to amend its scheduling order.

There is an "obvious tension" between the standards applied by Rule 15(a) and Rule 16(b). *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (explaining different courts' approaches to these rules). Rule 15(a)'s "lenient standard . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (cleaned up); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (citing older versions of Rules 15 and 16). Accordingly, the Court will apply and balance

both Rule 15(a)'s lenient standard for granting leave to amend with Rule 16(b)'s stricter standard governing amendments after the Court's scheduling order deadline.

Under Rule 15(a)(2), "the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote*, 9 F.4th at 115 (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)) (alterations in original). As Defendants argue only undue delay here, the Court focuses on that standard.

Relevant here, "motions to amend should be granted where 'the amendment was proposed only after discovery revealed additional relevant facts' because, in such a case, 'there has been no showing of . . . undue delay.'" *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 356 (S.D.N.Y. 2020) (quoting *Friedl v. City of N.Y.*, 210 F.3d 79, 88 (2d Cir. 2000)). However, where that amendment is based on information the movant knew or should have known when the initial complaint was filed and the movant offers no excuse for the delay, a motion to amend should be denied. *Id.* (quoting *Hutter v. Countrywide Bank, N.A.,* 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014), *aff'd in relevant part*, 710 F. App'x 25 (2d Cir. 2018)). The party that seeks leave to amend bears the burden of explaining any delay in doing so. *See United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (citing *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir. 1998)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Rule 16(b) governs whether a plaintiff should be permitted to assert an amended complaint after a scheduling order's deadline for doing so. The "good cause" standard in Rule 16(b)(4) applies where a district court has issued "a scheduling order setting a date after which no

5

amendment will be permitted" and the plaintiff requests to amend the complaint after that date. *See Sacerdote*, 9 F.4th at 115.  Whether good cause exists generally "turns on the 'diligence of the moving party.'"  *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).  The Court can also consider whether allowing amendment of the complaint at a particular stage of litigation would prejudice the defendant. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  The burden of demonstrating good cause rests with the movant, and the burden of demonstrating prejudice rests with the non-movant.  *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014).

### III. DISCUSSION

As noted above, Plaintiffs seek to expand the number of named Plaintiffs to include twenty-four opt-in Plaintiffs as named parties and to add claims for violations of the Maryland and Rhode Island prevailing wage laws.

The parties appear to dispute whether the Rule 15 lenient standard or the Rule 16 "good cause" standard applies to the pending motion for leave to file a second amended complaint.  As the Court finds Plaintiffs have satisfied both standards, the Court grants this motion.

#### A. Rule 15(a)(2)

The Court first finds that Plaintiffs' motion for leave to file a second amended complaint should be granted because Defendants have failed to establish a showing of undue delay, bad faith, dilatory motive, or futility.

Although Defendants predominantly center their opposition on the Rule 16(b)(4) good cause legal standard, *see generally* ECF No. 95, the Court infers from that argument that they perceive Plaintiffs' motion for leave file a second amended complaint as being unduly delayed. Because Plaintiffs have sought to amend the complaint based on information learned during

discovery, the Court should deny the motion only if it concludes that Plaintiffs "knew or should have known of the facts upon which the amendment is based when the original pleading was filed" and Plaintiffs have failed to provide an adequate excuse for the delay. *See Kiarie*, 473 F. Supp. 3d at 357.

Plaintiffs' motion for leave to file a second amended complaint was not unduly delayed. Since approximately June of 2024, Plaintiffs have actively sought discovery regarding the contracts for bridge projects that required the payment of prevailing wages and payroll records involving the opt-in Plaintiffs. *See* ECF No. 102 at 5. Plaintiffs report—and Defendants do not dispute—that such records were not produced until October 16, 2024 (project subcontracts) and January 14, 2025 (prevailing wage certified payroll records), and that when they were produced, they were highly disorganized. ECF No. 92-1 at 4; *see generally* ECF No. 95. Upon organizing and reviewing those records, which contained information regarding the states in which opt-in Plaintiffs worked and the applicability of those states' prevailing wage requirements, Plaintiffs timely filed the motion for leave to file a second amended complaint. ECF No. 92-1 at 5.

Defendants' claims of undue delay are not persuasive. To support such arguments, Defendants rely on the expectation that upon opting in to this suit in 2024, every opt-in Plaintiff would remember every contract they worked on for Defendants between April 12, 2020, and March 19, 2024, where that work occurred, and whether such contracts were subject to a prevailing wage provision. ECF No. 95 at 5–6. Such an expectation is incredulous particularly where, as here, Defendants had the relevant records to provide that information and significantly delayed their production. *See* ECF No. 92-1 at 4; *see generally* ECF No. 95. Because Defendants' own delayed production significantly contributed to Plaintiffs' delayed motion for leave to amend, the Court finds Defendants' arguments unconvincing.

As Defendants failed to show that Plaintiffs knew or should have known the facts upon which the amendment is based when they filed the amended complaint and Plaintiff provided a reasonable explanation for not knowing this information before discovery, Defendants have failed to establish undue delay. Further, as nothing in Defendants' opposition suggests that they intend to argue prejudice, dilatory motive, bad faith, or futility, the Court does not address these factors.

Thus, Plaintiffs have met the Rule 15(a)(2) standard for amendment.

### B. Rule 16(b)(4)

Amendment is also proper under Federal Rule of Civil Procedure 16 because Plaintiffs have established good cause for failure to move to amend earlier, and Defendants will not be prejudiced by the amendment.

For the same reasons explained above, Plaintiffs have established good cause for failure to earlier file a motion for leave to amend. The relevant inquiry here is whether Plaintiffs have been diligent. *Callahan*, 96 F.4th at 370. As noted above, Plaintiffs diligently sought the discovery necessary to make the proposed amendments. They initially requested the production of relevant material related to the opt-in Defendants in approximately June of 2024. *See* ECF No. 102 at 5. Defendants repeatedly delayed production and failed to organize their production such that Plaintiffs' review of documents produced took an extended period of time. *See* ECF No. 92-1 at 4; *see generally* ECF No. 95. Plaintiffs filed this motion for leave to amend just over one month after receiving the relevant prevailing wage certified pay records, which demonstrates diligence. *See Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (holding that filing a motion to amend within two months of acquiring the relevant information in discovery shows diligence). Plaintiffs' diligence is not undermined by the fact that they might have been able to start investigating the applicability of other states' laws when opt-in Plaintiffs joined the suit. *See*

8

*Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 398–99 (S.D.N.Y. 2017) (finding motion for leave to amend within a "few months" after receiving relevant discovery sufficed to show diligence, even if the plaintiffs could have begun investigating the particular issue earlier and collecting cases).  As noted above, it is unreasonable to expect all opt-in Plaintiffs to remember every work site where Defendants hired them to work over a multi-year period.  Even if they could, they still would have no way to know whether Defendants' contract on that particular project included a prevailing wages provision.  Rather, all information relevant to determining whether such claims could be raised, including time sheets, payroll records, and contract requirements, resided with Defendants.  Defendants were on notice that Plaintiffs sought this information in relation to the opt-in Plaintiffs in approximately June of 2024 and still delayed production.  *See* ECF No. 102 at 5.

    This case bears striking similarity to *Scott*, 300 F.R.D. at 198, in which the district court allowed opt-in plaintiffs to become named plaintiffs and to add state law claims in an FLSA action after the opt-in period closed—and well after the scheduling order's deadline for amendment—based on information received during discovery.  There, as here, the plaintiffs were diligent in seeking discovery, but the defendant delayed provision of relevant discovery to the plaintiffs.  *Id.*  Likewise, as here, the *Scott* defendants argued that the named plaintiffs should have moved for leave to amend more quickly after opt-in plaintiffs joined the suit.  *See id.* at 199.  The court found these arguments unpersuasive, noting that a three-month delay in seeking leave to amend after the opt-in period closed did not negate the plaintiffs' good cause showing, especially where assessment of the many opt-in plaintiffs' claims required significant time.  *Id.*

    Further, Plaintiffs' failure to move to certify opt-in Plaintiffs as a class also does not diminish Plaintiffs' diligence.  Defendants point to no authority that permits Plaintiffs to bring the

9

state law prevailing wage claims asserted in Counts VI and VII of the proposed second amended complaint exclusively as a Rule 23 class. *See generally* ECF No. 95 at 3-4. And Plaintiffs rightly note that even if Plaintiffs did seek to certify a Rule 23 class and failed, Plaintiffs could still file individual claims. *See* Pls. Reply Br., ECF No. 102 (citing *China Agritech v. Michael H. Resh*, 584 U.S. 732, 736 (2018)). Thus, Plaintiffs did not need to move for class certification under Rule 23 before seeking an amendment to add these claims.

Finally, Defendants have failed to show that granting leave to amend would prejudice them in any way. In fact, Defendants did not even attempt to argue that they would be prejudiced by permitting this amendment, in response to Plaintiffs' assertions to the contrary. *See generally* ECF No. 95; *see also* ECF No. 102 at 1 ("[Defendants] do not dispute that there is absolutely no prejudice or other harm to Defendants by permitting the amendment. Indeed, the word 'prejudice' is absent from Defendant's [sic] Opposition." (emphasis in original)). The Court therefore cannot conclude Defendants would be prejudiced in any way.

For these reasons, the Court finds that Plaintiffs have established good cause for failure to move to amend earlier, and that Defendants will not be prejudiced by granting Plaintiffs' motion. Thus, Plaintiffs meet Rule 16(b)'s standard.

## IV.   CONCLUSION

For the reasons described herein, Plaintiffs' motion for leave to file a second amended complaint is GRANTED. Plaintiffs shall file the second amended complaint as a standalone docket filing by **June 13, 2025**. Defendant shall answer or otherwise respond to Plaintiffs' second

amended complaint by **June 27, 2025**.

      **SO ORDERED** at Hartford, Connecticut, this 6th day of June, 2025.

                                     _/s/ Sarala V. Nagala_
                                     SARALA V. NAGALA
                                     UNITED STATES DISTRICT JUDGE